US DISTRICT COURT
Eastern District of Texas



**CRAIG CUNNINGHAM, an Individual,**

    Plaintiff,

vs.

**Niagara Restitution Services, Inc, Yamal Ramirez, and John/Jane Does 1-5**
    Defendant.
_____/

Case Number: 4:18cv682

## Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and can be served documents at the address of the undersigned below.

2. Niagara Restitution Services, Inc., is a New York Corporation operating from 1349 Caravelle Dr., Niagara Falls, New York 14304 and can be served at Yamal Ramirez 4246 Ridge Lea Rd., ste 47 Amherst, New YOrk 14226 or the address above.

3. Yamal Ramirez is a natural person and corporate executive and registered agent for Niagara Restitution and can be served at 4246 Ridge Lea Rd., ste 47, Amherst, New York 14226 or 1349 Caravelle Dr., Niagara Falls, New York 14304 or 5511 N. Winston Park Blvd., Apt 108 Coconut Creek, FL 33073

### Jurisdiction

4. Jurisdiction of this court arises as the acts happened and the defendants live and work in this district

1

5. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

6. In 2017 through the present, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone.

7. The Plaintiff received at least one call from 844-230-2959 on May 30, 2017 which is associated with Niagara Restitution, Inc. The call was initiated with an automated telephone dilaing system and contained a pre-recorded message which stated *"This message is being left to serve Meghan Gordon with notice. We are calling in reference to fraudulent information placed on file concerning your account. The case number for you to reference to is case number 113986. At this point, Federal law states that we must get a statement of intent from you to better understand the course of action in which you must take to rectify this matter. Failure to respond in internal action. Contact us at 8-4-4 dash 2-3-0 dash 2-9-5-9"*

8. Yamal Ramirez sought to collect a non-existant debt from the Plaintiff through Niagara Restitution by delivering automated calls with pre-recorded messages to the Plaintiff's cell phone.

9. The Plaintiff called the number back and spoke with an agent that identified himself as working for Niagara Restitution. At no point during the pre-recorded message was the name or entity of Niagara Restitution disclosed as required under the TCPA.

10. The agent made reference to having Mrs Gordan giving a call before turning the matter over to "wake county" in North Carolina to make a "voluntary statement" regarding the situation going on indicating that they were threatening criminal action against the Plaintiff or Meghan Gordon in response to a purported civil debt. The agent also admitted that their "system" dialed the Plaintiff in reference to an automated telephone dialing system as defined by the TCPA.

11. Another agent the Plaintiff spoke with stated that *"its a felony for us to do 3rd party disclosure"*, which is a false or misleading representation in violation of hte FDCPA 15 USC 1692(e). Violating the FDCPA is not a felony.

12. On another call with an agent of Niagara, the agent stated that Meghan Gordon defaulted on a civil debt for an installment loan. The agent claimed Meghan was supposed to pay $400 originally and the current balance was $770. The agent claimed he was trying to determine if the default was done intentionally and if not done intentionally, Niagara would expect a voluntary resolution, without the involvement of *"Wade county"* or *"the state of North Carolina"* once again suggesting that there would be some criminal enforcement for at best a civil debt. The agent stated that the debt was accruing over the past 5 years, which is well past the statute of limitations in North Carolina, which means that all threats of civil litigation and wage garnishment are false or misleading representations as well.

13. The agent also threatened to garnish the wages of Meghan Gordon without filing a lawsuit or even getting good service on Meghan Gordon.

14. These phone calls violated the TCPA, 47 USC 227 et seq in two ways, first by having a pre-recorded message that failed to have the mandated identification information such as the name of the calling entity, maintaining a written do not call policy, training agents on the do not call policy, identification of sellers and telemarketers, which violate 47 USC 227(c)(5) under the FCC's rule making authority in 47 CFR 64.1200(d) which entitles the Plaintiff to $1500 per call and second by the automated nature of them and by containing pre-recorded messages that were directed to the Plaintiff's cell phone, which violates 47 USC 227(b) and additionally entitles the Plaintiff to an award of $1500 per call. In total, each call entitles the Plaintiff to recover $3,000 per call.

15. Yamal Ramirez is individually, jointly, and severally liable for the calls placed by or on behalf of Niagara Restitution as they personally participated and authorized the calls to be placed to the Plaintiff. Yamal knew that the illegal calls would be placed and sought to profit from coercing consumers to pay imaginary debts.

16. The calls were from 844-230-2959 and started with a pre-recorded message that stated: *"This message is being left to serve Meagan Gordon with notice. We are calling in reference to fraudulent information placed on file concerning your account. The Case number for you to reference to is case number 113986 at this point, Federal law states that we must get a statement of intent from you to better understand the course of action you must take to rectify this matter. Failure to respond will result in internal action. Contact us at 844-230-2959"* The message then repeated. The Plaintiff called the 844 number back and spoke with an agent that confirmed he worked for Niagara Restitution and claimed the matter would

4

be turned over to "Wade County" in North Carolina clearly threatening criminal action would be taken if a civil debt wasn't paid.

17. The Plaintiff immediately recognized that just the call at this point violated the TCPA and the allegations of criminal activity and false or misleading representations in the call violated the FDCPA and Texas Finance Code 392 as well. Furthermore, given the nature of the call threatening criminal charges and fraud for a civil claim at best, the call could very well be a fraudulent attempt to scare and coerce consumers into paying debts that don't exist.

18. The FTC even has an entire webpage dedicated to the recent emergence of fake debt collectors and cites indications of a fake debt collector that *"refuses to give you a mailing address or phone number, or exerts high pressure to scare you into paying, such as threatening to have you arrested or to report you to a law enforcement agency"* .[1] In an attempt to identify the callers that were calling from a blocked number and were exerting high pressure scare tactics such as threatening arrest and fraud charges, the Plaintiff claimed that Megan Gordan was his wife.

19. Additionally, the agent claimed that they were collecting on behalf of Cutter Group for an amount deliquent on July 4, 2012. The agent then launched into nonsensical allegations claiming they were looking into a "violation of a bad check situation" although he states that there wasn't a written check, and claims that an installment or payment loan was given and default occured. The original payment was alleged to have been $440 with a default penalty of $300 without any litigation fees or interest over the last 5 years and sought a payment of $770.

---

[1] https://www.consumer.ftc.gov/articles/0258-fake-debt-collectors

The agent claimed he wanted to find out if this was done "intentionally or not" and based that on the person's conduct during the investigation stage. The agent claimed that if the payment wasn't made voluntarily it would involve Wade county or the state of North Carolina and that they wouldn't be able to get her served. The agent claimed Megan would have a "vacated judgment" against her which would result in administrative wage garnishment and Mrs Gordon would be responsible for 5 years of interest compounding daily plus attorney's fees and court costs.

20. Furthermore, a debt in 2012 would be well past the statute of limitations to collect or bring charges for in 2017 in Florida and Texas on a civil or criminal level. The FTC again provides some guidance for consumer as they have an entire webpage dedicated to the topic of time barred debts and the agency notes: *"It is against the law for a collector to sue you or threaten to sue you on a time barred debt"*[2]

21. At no time was Niagara bonded with the state of Texas as debt collectors are supposed to be. This is a violation of the Texas Finance Code 392.

22. Niagara violated the FDCPA and Texas Finance Code 392 by making false or misleading representations likely to deceive an unsophisticated consumer by misrepresenting the amount of a debt.

23. Niagara violated the FDCPA and Texas Finance Code 392 by falsely representing that non payment of a debt would result in arrest or imprisonment.

24. Niagara violated the FDCPA and Texas Finance Code 392.301 by alleging that criminal charges would be filed for non-payment of a debt.

---

[2]https://www.consumer.ftc.gov/articles/0117-time-barred-debts

25. Niagara violated the FDCPA and Texas Finance code 392.301 by threatening to file suit on a time barred debt.

26. Niagara violated the FDCPA and Texas Finance Code 392 by using a name other than the true business name in an attempt to collect a debt.

27. Niagara violated the FDCPA by threatening to sue the Plaintiff for a time barred debt.

**CAUSES OF ACTION:**

**COUNT I**

**Violations of the Telephone Consumer Protection Act (TCPA)**

28. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name, address, and phone number of the entity placing the phone calls. These actions violate 47 USC 227(b) and entitle the Plaintiff to $1500 per call in damages as these were willful actions.

**CAUSES OF ACTION:**

**COUNT II**

**Violations of the Telephone Consumer Protection Act (TCPA)**

30. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message. These calls also violated 47 USC 227(c)(5)

## CAUSES OF ACTION:

## COUNT III

**Violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1681 et seq**

32. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false or misleading representations and threats of legal action that can't legally be taken.

## COUNT IV

**Violations of the Texas Finance Code 392**

34. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false or misleading representations and threats of legal action that can't legally be taken.

36. The foregoing actions by the Defendants constitute multiple breaches of the Texas Finance Code 392 by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false, misleading, and threatening representations likely to deceive a consumer.

## Count V

## Violations of the Texas Business and Commerce Code

37. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. The foregoing actions by the Defendants constitute multiple breaches of the Texas Business and Commcerce code 305.053 by violating the TCPA 47 USC 227

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for violations of the TCPA.

C. Statutory damages in the amount of $1500 for violations of the Texas Business and Commerce code

D. Damages of $5,000 per violation of the Texas Finance Code 392

E. Punitive Damage of $100,000 for violations of the Texas Finance Code and FDCPA

F. Actual damages as determined by a judge/jury

G. Pre-judgment interest from the date of the phone calls.

H. Attorney's fees for bringing this action; and

I. Costs of bringing this action; and

J. For such other and further relief as the Court may deem just and proper

Craig Cunningham
Plaintiff,
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977 9/26/2018