US DISTRICT COURT
Eastern District of Texas


FILED
OCT 29 2018
Clerk, U.S. District Court
Texas Eastern

CRAIG CUNNINGHAM, an Individual,

    Plaintiff,

vs.

Niagara Restitution Services, Inc, Yamal Ramirez, and John/Jane Does 1-5
    Defendant.
_____/

Case Number: 4:18-cv-00682

### Plaintiff's Motion to Dismiss the Defendant's Counterclaim or more definite statement

1. To the Honorable US DISTRICT COURT:

2. The Plaintiff now moves the court to dismiss the Defendant's counterclaim for failure to state a claim under FRCP 12(b)(6) or in the alternative motion for a more definite statement under FRCP 12(e).

**The Defendant's counterclaim should be dismissed under FRCP 12(b)(6)**

3. The Defendant's counterclaim should be dismissed for failure to state a claim.

4. The Defendants cite no elements of any tort, breach of duty of care, law, legal doctrine or legal theory that they claim the Plaintiff violated. There defendant's devote an entire 2 paragraphs to their counterclaim that are devoid of any factual allegations, but only legal conclusions that the Plaintiff did "something" wrong that harmed the defendants to the tune of $100,000.

5. The Defendant first claims there are some vague and unspecified "reckless and/or intentional acts" that the Plaintff did, but that doesn't mean the actions were illegal or violated any duty of care owed to the Defendants.

6. The Defendant further claims that the Plaintiff brought some extortionary lawsuit with "fraudulent pretenses" but fails to properly allege either extortion or fraud in their counterclaim. The elements of Fraud for example require some ascertainable loss.

7. For example with a fraud claim, a plaintiff must show that (1) the defendant made a material representation that was false, (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth, (3) the defendant intended to induce the plaintiff to act upon the representation, and (4) the plaintiff actually and justifiably relied on the representation, which caused the injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). No such allegations were made in the counterclaim to substantiate even a single element of fraud, much less all of them, so their fraud claims must fail as well.

8. As far as extortion, Texas doesn't recognize a civil extortion claim :*Without any authority supporting the proposition that Texas recognizes a civil cause of action for extortion, the Court is not obliged to do so now.* **Kennedy Ship & Repair, LP v Loc Tran**, 256 F.Supp.2d 678 S.D.Tex., (2003), so the Defendant's claims for extortion must fail. **The Defendant should be ordered to file a more definite statement per FRCP 12(e)**

9. The Defendant's 2 paragraph "counterclaim" is devoid of any sort of legal argument, factual allegations of wrongdoing, is vague as far as what legal doctrine, law, or

4

other duty of care was breached by the Plaintiff or anything that could reasonably justify an award of $100,000.

10. The counterclaim fails to state what the Plaintiff did that has wronged the defendant to the tune of $100,000 and only vaguely references some unspecified *"reckless and/or intentional acts of the Plaintiff in bringing this lawsuit"*, but fails to provide any sort of clarity as to what those "acts by the Plaintiff are.

11. Furthermore, the only liability of the Plaintiff is limited by 15 USC 1692(k) which requires an affirmative showing that the entire case was brought for the purpose of harassment or in bad faith to justify an award of damages under the FDCPA. No allegations of bad faith or harassment are made by the Defendants in their counterclaim.

**The court should deem the Defendant's counterclaim to be in bad faith and for the purpose of harassment**

12. The Defendant has filed a bad faith counterclaim per 15 USC 1692(k) and they can't possibly substantiate that they have suffered $100,000 in actual damages for "Mental anguish" by simply being served with a lawsuit. This is merely a harassing claim designed to retaliate against the Plaintiff for suing them. Should the Defendants be unable to substantiate damages in the amount of $100,000 the court should deem their filing claiming damages of $100,000 to be in bad faith and for the purpose of harassment.

Craig Cunningham
Plaintiff,
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977 10/29/2018

US DISTRICT COURT
Eastern District of Texas

CRAIG CUNNINGHAM, an
Individual,

       Plaintiff,                        Case Number:

vs.

Niagara Restitution Services, Inc, Yamal Ramirez, and John/Jane Does 1-5
    Defendant.
_____/

Plaintiff's Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the Defendants of record via USPS first class mail

*Craig Cunningham*
Plaintiff,
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977 10/29/2018

2