**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| CRAIG CUNNINGHAM, an Individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NIAGARA RESTITUTION SERVICES, INC., ) <br> YAMAL RAMIREZ, and ) <br> JOHN/JANE DOES 1-5, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 18-cv-682 |

**DEFENDANT YAMAL RAMIREZ'S
AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Yamal Ramirez by and through its undersigned attorneys, Lippes Mathias Wexler Friedman LLP, answering the Complaint, on information and belief:

1. Lacks knowledge or information sufficient to form a belief as to Plaintiff's residency.

2. Admitted in part. Defendant admits Niagara Restitution Services, Inc. is a New York corporation. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 2, and therefore denies same.

3. Admitted in part. Defendant admits he is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 3, and therefore denies same.

**JURISDICTION**

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 4.

5. The allegations in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6, and therefore denies same.

7. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7, and therefore denies same.

8. Defendant denies each and every allegation in Paragraph 8.

9. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9, and therefore denies same.

10. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies same.

11. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, and therefore denies same.

12. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

13. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13, and therefore denies same.

14. Defendant denies each and every allegation in Paragraph 14.

15. Defendant denies each and every allegation in Paragraph 15.

16. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16, and therefore denies same.

17. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17, and therefore denies same.

18. The Federal Trade Commission's website speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation concerning the Federal Trade Commission in Paragraph 18. Defendant does admit that Plaintiff falsely stated he was the husband of a woman who Defendant was attempting to collect a debt from.

19. Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19, and therefore denies same.

20. The allegations in Paragraph 20 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 20.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22.

23. Defendant denies each and every allegation in Paragraph 23.

24. Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies each and every allegation in Paragraph 26.

27. Defendant denies each and every allegation in Paragraph 27

**CAUSES OF ACTION:**
**COUNT I**
**Violation Of the Telephone Consumer Protection Act (TCPA)**

28. With respect to Paragraph 28 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 27 with the same force and effect as if fully set forth herein.

29. Defendant denies each and every allegation in Paragraph 29.

## CAUSES OF ACTION:
## COUNT II
### Violation Of the Telephone Consumer Protection Act (TCPA)

30. With respect to Paragraph 30 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. Defendant denies each and every allegation in Paragraph 31.

## CAUSES OF ACTION:
## COUNT III
### Violation of the Fair Debt Collection Practices Act (FDCPA)

32. With respect to Paragraph 32 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. Defendant denies each and every allegation in Paragraph 33.

## CAUSES OF ACTION:
## COUNT IV
### Violations of the Texas Finance Code 392

34. With respect to Paragraph 34 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. Defendant denies each and every allegation in Paragraph 35.

36. Defendant denies each and every allegation in Paragraph 36.

**CAUSES OF ACTION:**
**COUNT V**
**Violations of the Texas Business and Commerce Code**

37. With respect to Paragraph 37 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. Defendant denies each and every allegation in Paragraph 38.

**FIRST AFFIRMATIVE DEFENSE**

39. Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

40. The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

**THIRD AFFIRMATIVE DEFENSE**

41. Plaintiff failed to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims alleged in the Complaint are barred by the statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

43. To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

**SIXTH AFFIRMATIVE DEFENSE**

44. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant had no control or authority.

**EIGHTH AFFIRMATIVE DEFENSE**

46. To the extent Defendant's actions violated the law, such actions were neither intentional, nor willful.

**NINTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

**TENTH AFFIRMATIVE DEFENSE**

48. Plaintiff's damages, if any, are speculative.

**ELEVENTH AFFIRMATIVE DEFENSE**

49. The United States District Court, Eastern District of Texas is an improper venue for the subject litigation.

**TWELFTH AFFIRMATIVE DEFENSE**

50. Defendant had prior express consent for the conduct alleged in the Complaint.

WHEREFORE, Defendant Yamal Ramirez respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED: December 13, 2018

/s Brendan H. Little
Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
Attorneys for Defendant Yamal Ramirez
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2018 I electronically filed the foregoing Amended Answer via the CM/ECF system, which should then send notification of such filing to *pro se* Plaintiff Craig Cunningham. I have also sent a copy of the foregoing Amended Answer via regular mail to *pro se* Plaintiff Craig Cunningham at:

5543 Edmondson Pike, Suite 248,
Nashville, Tennessee 37211

/s Brendan H. Little
Brendan H. Little