US DISTRICT COURT
Eastern District of Texas



FILED
DEC 19 2018
Clerk, U.S. District Court
Texas Eastern

CRAIG CUNNINGHAM, an Individual,

    Plaintiff,

vs.

Niagara Restitution Services, Inc, Yamal Ramirez, and John/Jane Does 1-5
    Defendant.
_____/

Case Number: 4:18-cv-00682

**Plaintiff's Motion to Dismiss the Defendant's Counterclaim** ~~or motion for~~

1. To the Honorable US DISTRICT COURT:

2. The Plaintiff now moves the court to dismiss the Defendant's counterclaim for failure to state a claim under FRCP 12(b)(6).

**The Defendant's counterclaim should be dismissed under FRCP 12(b)(6)**

3. The Defendant's counterclaim should be dismissed for failure to state a claim.

4. The Defendants cite no elements of any tort, breach of duty of care, law, legal doctrine or legal theory that they claim the Plaintiff violated. There defendant's counterclaim is devoid of any specific factual allegations, but only legal conclusions that the Plaintiff did "something" wrong that harmed the defendants in some unspecified way causing the loss of some unspecified amount of money.

5. The Defendant claims that the Plaintff made some misrepresentations in an attempt to trick and deceive Niagara Restitution and generate a cause of action for violations of Federal and state law, but they fail to say how purported

2

       misrepresentations that occur after an illegal telephone call occured could result in further causes of actions when one already exists to sue Defendant Niagara.

6.     The Defendants fail to explain how their reliance on the purported misrepresentations caused a monetary loss or how much those losses are.

7.     Even if true that the Plaintiff made a misreprentation to the Defendants, the Plaintiff is under no legal obligation to tell the truth to every unknown voice on the phone. The Plaintiff is not liable for any damages, and the defendants fail to cite any law which would require the Plaintiff to pay them money for making misrepresentations.

8.     The Plaintiff's is protected under the FDCPA from an award of attorney's fees under 15 USC 1692(k) which requires an affirmative showing of bad faith or that the lawsuit was brought for the purpose of harassment. The Defendants make no such allegations of bad faith or harassing litigation or conduct by the Plaintiff in their counterclaim, so the counterclaim must fail.

9.     The Defendant's "counterclaim" is devoid of any sort of legal argument, factual allegations of wrongdoing, is vague as far as what legal doctrine, law, or other duty of care was breached by the Plaintiff and fails to set forth a clear and simple recitation of how the defendants were harmed and how much harm the Plaintiff caused.

10.    Furthermore, the only liability of the Plaintiff is limited by 15 USC 1692(k) which requires an affirmative showing that the entire case was brought for the purpose of harassment or in bad faith to justify an award of damages under the

FDCPA. No allegations of bad faith or harassment are made by the Defendants in their counterclaim.

**The court should deem the Defendant's counterclaim to be in bad faith and for the purpose of harassment**

11. The Defendant has filed a bad faith counterclaim per 15 USC 1692(k) and they can't possibly substantiate that they have suffered any actual damages for by simply being served with a lawsuit. This is merely a harassing claim designed to retaliate against the Plaintiff for suing them.

Craig Cunningham
Plaintiff,
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977 12/19/2018

4

US DISTRICT COURT
Eastern District of Texas

CRAIG CUNNINGHAM, an Individual,

    Plaintiff,

Case Number: 4:18-CV-00682

vs.

Niagara Restitution Services, Inc, Yamal Ramirez, and John/Jane Does 1-5
    Defendant.
_____/

### Plaintiff's Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the Defendants of record via USPS first class mail

*Craig Cunningham*
Plaintiff,
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977 10/29/2018

1