**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | CIVIL ACTION NO.  4:18-CV-00682-ALM- |
| | § | CAN |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NIAGARA RESTITUTION SERVICES, | § | |
| INC. ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff/Counter-Defendant Craig Cunningham's ("Cunningham") Motion to Dismiss the Defendant's Counterclaim [Dkt. 34].  After reviewing the Motion to Dismiss, Defendant/Counter-Plaintiff Niagara Restitution Services, Inc.'s ("NRS") Response [Dkt. 36], and all other relevant filings, the Court recommends that the Motion to Dismiss be **DENIED**, as set forth below.

**BACKGROUND**

On September 26, 2018, Cunningham filed his Original Complaint alleging that NRS and Defendant Yamal Ramirez violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b) and (c), the Fair Debt Collection Practices Act ("FDCPA"), the Texas Finance Code, and the Texas Business and Commerce Code [Dkt. 1 at 7-9].  On December 13, 2018, NRS filed its answer and counterclaim [Dkt. 29].   Therein, NRS alleges that Plaintiff made several misrepresentations to NRS, which purportedly constitute common law fraud [Dkt. 29 at 6-7].  On December 19, 2018, Cunningham filed his Motion to Dismiss, seeking to dismiss NRS's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that NRS's

counterclaim was "devoid of any specific factual allegations" and consisted of "only legal conclusions," among other arguments [Dkt. 34 at 1].   NRS filed its response in opposition on December 31, 2018, addressing Rule 9(b) [Dkt. 36].   To date, Cunningham has not filed a reply.

## LEGAL STANDARD

Cunningham moves to dismiss NRS's counterclaim under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.   A 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint (counterclaim) fails to assert facts that give rise to legal liability of the defendant.   The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   It follows, that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'shown'—'that the pleader is entitled to relief.'"   *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.   First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681.   Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."   *Id.*   "This standard 'simply calls

for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The Court must accept as true all well-pleaded facts contained in NRS's counterclaim and view them in the light most favorable to NRS. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Further, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for a fraud claim and requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).[1]  Specifically, a party asserting a fraud claim must set forth the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic Services, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)) ("To plead adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'").  Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)); *see also U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010; *U.S. ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 384 (5th Cir. 2003) (explaining that "Rule 9(b) requires that the

---

[1] Rule 9's pleading standard applies to common law fraud claims.  *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 214 (5th Cir. 2009) ("Because Appellants failed to adequately allege fraudulent intent as required by Rule 9(b), the district court did not err in dismissing the claim for common law fraud.").

plaintiff allege the particulars of time, place, and contents of the false statements, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, where, and how' of the alleged fraud") (internal quotation marks and citations omitted).

"A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim," and so the Court "must accept the [counterclaim's] well-pleaded factual allegations as true." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993).

## ANALYSIS

### Common Law Fraud

Cunningham contends that NRS's common law fraud claim does not satisfy the necessary pleading requirements [Dkt. 34 at 1]. Cunningham does not point out any specific deficiency or point out what elements, if any, of NRS's counterclaim were not pled. Cunningham merely generally alleges that NRS's "'counterclaim' is devoid of any sort of legal argument, factual allegations of wrongdoing, is vague as far as what legal doctrine, law, or other duty of care was breached by the Plaintiff and fails to set forth a clear and simple recitation of how defendants were harmed and how much harm the Plaintiff caused" [Dkt. 34 at 2].[2]

To assert a claim of fraud under Texas state law, a party must allege that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a

---

[2] Cunningham also alleges that NRS's counterclaim is subject to dismissal because "the only liability of the Plaintiff is limited by 15 USC 1692(k)" [Dkt. 34 at 3]. In essence, Plaintiff argues NRS's fraud claim is barred by the FDCPA. Plaintiff cites to no authority for this proposition, nor is the Court at present aware of any such authority. Other courts have permitted counterclaims for common law fraud to proceed where plaintiff articulated a claim under the FDCPA. *See, e.g., Gore v. Homecomings Financial Network, Inc.*, 2005 WL 3293992 (N.D. Tex. Dec. 5, 2005); *Marketic v. US Bank Nat'l Assn.*, 436 F. Supp. 2d 842, 856 (N.D. Tex. June 15, 2006).

positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). As set forth earlier, under Rule 9(b), allegations of fraud are subject to a heightened pleading standard that requires a plaintiff to plead the who, what, when, where, and how.

In the instant case, NRS states its common law fraud claim as follows:

> [NRS] purchased a debt owed by Jane Doe and took steps to collect on said debt. [NRS] took steps to collect on a debt owed by Jane Doe. *Upon information and belief*, [Cunningham] contacted [NRS] and made several misrepresentations to [NRS] including, but not limited to, that [Cunningham] was the husband of Jane Doe and that he was an acquaintance of Jane Doe. In reality, [Cunningham] was not married to Jane Doe and had no knowledge who Jane Doe was. [Cunningham] made those misrepresentations to [NRS] in an attempt to trick and deceive [NRS] and generate causes of action for violations of federal and state law. [NRS] believed and justifiably relied on the misrepresentations made by [Cunningham] when communicating [with Cunningham]. As a result of the [NRS's] reliance, it has and will continue to sustain pecuniary loss.

[Dkt. 29 at 7] (emphasis added).

The Court finds that NRS's fraud claim fails to meet the heightened pleading standards pursuant to Rule 9(b). The Court can determine from the pleadings that NRS alleges Cunningham (who), made a misrepresentation that he was the spouse of Jane Doe (what); however, the Court cannot otherwise discern the required elements, including where the misrepresentation was allegedly made and/or when it was made.

"This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citing *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d

552, 564-65 (5th Cir. 2002)).  Although Rule 9(b) does not require that a specific date and time always be alleged as to each misrepresentation, more is required than the general allegations made here—stating simply that "Plaintiff contacted [NRS]" [Dkt. 29 at 7].  And while pleadings may sometimes be based on information and belief, NRS cannot make conclusory allegations that are not supported by a stated factual basis for their belief that Cunningham misrepresented his relationship to Jane Doe.  Without more, the Court finds that NRS has failed to satisfy the heightened pleading requirements pursuant to Rule 9(b).  *See Hernandez v. ARC Trading Co.*, No. 3:17-cv-2057-BN, 2018 WL 2017680, at *14-15 (N.D. Tex. May 1, 2018); *Laura Johnston Family Properties, Ltd. v. Allen Engineering Contractor, Inc.*, No. 3:16-cv-03378-M, 2017 WL 6459529, at *3 (N.D. Tex. Dec. 18, 2018) (concluding that defendant's counterclaim did not satisfy Rule 9(b) pleading standards where "it [was] not apparent where or when [plaintiff] made such representation"); *Dylon v. Bank of America, N.A.*, No. 3:17-cv-134-M-BN, 2017 WL 2266938, at *10 (N.D. Tex. Apr. 28, 2017) (finding plaintiff's fraud claim failed "because [plaintiff] ha[d] not pleaded precisely where [defendant] made [a] purported misrepresentation—for instance, whether that was in a specific office, or made in email and phone conversations") (internal quotations and citations omitted); *Dragoslavic v. Ace Hardware Corp*. 274 F. Supp. 3d 578, 587 (E.D. Tex. 2017) (holding fraud claim fatally defective where the complaint did not identify when or where plaintiff purchased a falsely marked product); *Gedalia v. Whole Foods Market Servs., Inc.*, 53 F. Supp. 3d 943, 959 (S.D. Tex. 2014) (dismissing claims because the complaint identified only "a general time frame" during which products were allegedly purchased and failed to identify specific locations where the products were sold).

NRS's pleading deficiencies do not, however, warrant dismissal at this time.  "While courts routinely dismiss causes of action without leave to replead when they grant motions to dismiss for failure to state a claim, there is a general consensus that [parties] should be provided with an opportunity to amend their [pleadings] to meet Rule 9(b)'s requirements before ordering dismissal." *Dimas v. Vanderbilt Mortg. and Finance, Inc.*, No. C-10-68, 2010 WL 1875803, at *8 (S.D. Tex. May 6, 2010) (quoting *Ryan v. Brookdale Int'l Sys., Inc.*, No. H-06-01819, 2007 WL 3283655, at *7 (S.D. Tex. Nov.6, 2007)); *see also U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 456 (5th Cir.2005) (finding that "dismissal with prejudice . . . was unwarranted where . . . claims were dismissed on a Rule 12(b)(6) motion based on a lack of specificity in the complaint as required by Rule 9(b)."); *Jag Media *213 Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 709 (S.D. Tex. 2004) (citing *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 971 (5th Cir. 1981) (finding that "[w]hen a party has failed to plead with sufficient particularity, the Court will almost always permit leave to amend to bring the complaint into compliance with the requirements of Rule 9(b).")).   Accordingly, the Court recommends Cunningham's Motion to Dismiss be denied and that NRS be given an opportunity to amend its pleading to comply with the pleading standards established in Federal Rules of Civil Procedure 8(a) and 9(b). *Cayton v. Peterbilt Mfg.*, 4:16-CV-843, 2017 WL 4238004, at *1 (E.D. Tex. Sept. 25, 2017), *on reconsideration*, 4:16-CV-843, 2017 WL 5905255 (E.D. Tex. Nov. 30, 2017) ("The Court's general practice, when allowing a plaintiff to replead, is to deny the motion to dismiss as moot subject to reconsideration if no amended complaint is filed.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff/Cunningham Craig Cunningham's Motion to Dismiss the Defendant's Counterclaim [Dkt. 34] be **DENIED** without prejudice to

refiling and that Defendant/Counter-Plaintiff Niagara Restitution Services, Inc. be permitted to file an amended pleading adequately addressing the issues identified herein with respect to its common law fraud claim against Plaintiff/Cunningham Craig Cunningham.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of March, 2019.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE